UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RICHARD SHENOSKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-CV-103 SRW |
| | ) | |
| DAN SEGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Richard Shenoskey brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will direct Plaintiff to file an amended complaint on the court-provided form in compliance with the instructions set out below.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

When Plaintiff initiated this suit, he was being held as a pretrial detainee. ECF No. 1 at 2. In his signed and sworn application to proceed without prepayment of fees and costs, Plaintiff states that he is not employed, has no income, and has received no money in the past twelve months. ECF No. 2. Ten days after Plaintiff filed his application, the Court received a letter from him which stated, in part, that he has been denied a copy of his six-month inmate account statement from his place of incarceration. ECF No. 4 at 1. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered

within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff was confined at Stoddard County Jail as a pretrial detainee when he initiated this suit under 42 U.S.C. § 1983. ECF Nos. 1 at 1-2, 1-1 at 1. Since case filing, Plaintiff has been transferred to the Eastern Reception, Diagnostic and Correctional Center. ECF No. 5. Plaintiff alleges civil rights violations against three employees at Stoddard County Jail, in both their individual and official capacities: (1) Dan Seger (jail administrator); (2) Christina Craft (correctional officer); and (3) Jason Cowell (correctional officer). ECF No. 1 at 1-3.

Plaintiff's complaint allegations pertain to a July 2022 incident at Stoddard County Jail, described in his own words as:

> On 7-25-22 around 10 am I Richard Shenoskey was woken up out of my sleep and told I had to move from C-Pod to B-Pod and I ask why? and I was shot several of time with a taser and fell to the ground and hit my head on the bunk. All I remember when I came to my sence [sic] I was up front in booking in the hold. I was beat &

>stomped and was refused a doctor and I'm still in pain[.] CO – Christina was the one who tased me and CO – Jason and some other officer I don't know his name. But Dan the Admin of the Jail order it and I ask him why? He still haven't given me an answer and I filed a grievance and told him I was tased three time for no reason and he said only once and I know I pull 3 taser out of my body[.] … CO Jason and the other officer was the one who beat me [-] these are Dan Seger orders.

*Id.* at 4. Plaintiff asserts that defendants' actions during this incident amount to violations of his constitutional rights, including his right to be free of cruel and unusual punishment and his due process rights. *Id.*

Plaintiff alleges that following the incident, as a punishment, he was moved to a top bunk without the use of a ladder or stool for climbing up. His "bad heart and leg," plus his weight of over 300 pounds, make this sleeping arrangement difficult for him. However, Plaintiff also states that he has been "sleeping on the floor … since 7/25/22" – the date of the incident. *Id.* It is unclear from the allegations of the complaint, why Plaintiff is sleeping on the floor.

As to injuries, Plaintiff states that as a result of bumping his head after being tased, he has bad headaches and sometimes he can't remember things. He also has back pain. Plaintiff reports that he still has not seen a doctor or had x-rays of his head or back. He states that he was not having this pain "at first," but "now" he "hurt[s] all day." *Id.*

Plaintiff requests to see a doctor, stating that "when someone gets tased they are suppose[d] to see a doctor." He also requests the "Taser Data … [to] show how many times it fired." *Id.* For relief, Plaintiff seeks a Justice Department investigation of the Stoddard County Jail, alleging that the Jail is located in a racist town. *Id.* at 5. He also seeks damages totaling 5 million dollars. *Id.*

## Discussion

Based on a careful review and liberal construction of the filings before the Court, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2). However, because Plaintiff is self-represented, and he has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below. *See Munz*

*v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint before dismissing for failure to state a claim). Plaintiff should consider the following legal issues in filing his amended complaint.

  I.     **Excessive Force Claim**

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). In order to prevail on an excessive force claim, a plaintiff must show that a defendant purposely or knowingly used objectively unreasonable force. *Id.* "Whether the application of force is unreasonable turns on the facts and circumstances of each particular case." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (internal quotations and citations omitted). "Factors relevant to assessing the objective reasonableness of force used by officers include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*. (citing *Kingsley*, 135 S. Ct. at 2473).

Here, Plaintiff has not alleged enough facts to state a claim of excessive force against a specific defendant. Plaintiff asserts that he was woken up in his cell around 10 am and told that he needed to move to a new pod. He states that he questioned why the move was needed and that he was tased multiple times. Plaintiff does not state what, if any, directives he was given concerning the move to a new cell. It is not unreasonable to be awoken around 10 am and told to move cells. However, it is unclear whether Plaintiff responded to any directives or whether Plaintiff was warned about the use of a taser if orders were not followed. It is also unclear exactly who Plaintiff

believes tased him – each correctional officer defendant once or one of them multiple times. Plaintiff asserts that the incident was based on orders from jail administrator defendant Dan Seger, but it is unclear if Plaintiff is alleging that Seger ordered the cell change or the tasering itself. Insufficient facts have been alleged for the Court to decipher whether Plaintiff failed to follow orders or actively resisted.

Furthermore, Plaintiff alleges that he awoke later in a booking cell after being "beat" and "stomped." He states that he was beat by defendant Jason Cowell and another officer, at the direction of defendant Seger. It is unclear whether this beating occurred before or after the tasering and what, if any, injuries Plaintiff suffered from this beating.

Finally, Plaintiff is warned that "[a] supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (*citing Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). However, under a theory of direct liability, "a supervisor's liability arises if: 'he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.'" *Tlamka*, 244 F.3d at 635 (*quoting Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (citations omitted)); *see also Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997). In this case, it is unclear from Plaintiff's allegations if jail administrator Seger was directly involved in the tasering and beating.

Plaintiff should provide more facts concerning this incident in his amended complaint such that the Court can consider the relevant factors to determine if Plaintiff has sufficiently alleged an unreasonable application of force.

## II. Denial of Medical Care Claim

The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberately indifferent medical care, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, this distinction "makes little difference as a practical matter," because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

The Eighth Amendment prohibits cruel and unusual punishment, and limits conditions of confinement. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)).

A jail official's intentional denial of, or delayed access to, medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain, giving rise to a claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials

actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted).

In this case, Plaintiff states that because a taser was used on him, he should have immediately seen a doctor. He states that he has head and back pain. However, Plaintiff also admits that he did not have this pain "at first" but he "now … hurt[s] all day." ECF No. 1 at 4. It is unclear from the allegations of the complaint when, and from whom, Plaintiff requested and was denied medical care. Plaintiff admits that he did not have pain at first, and the complained-of incident occurred over a year before Plaintiff signed his complaint in this matter. As such, the amended complaint should clarify when Plaintiff began having pain, when he first requested medical care, and who denied his request for medical care. Furthermore, Plaintiff admits to having multiple medical problems unrelated to this incident, including having a bad heart and leg, and being overweight. Plaintiff should clarify that the late onset of pain in his head and back are related to the taser incident (and not, for example, related to Plaintiff sleeping on the cell floor). Plaintiff needs to provide these necessary factual allegations in his amended complaint, in order for the Court to decipher whether he adequately states a claim of deliberately indifferent medical care.

### III.   Possible John Doe Defendant

The Court notes that Plaintiff alleges that the tasered incident involved three correctional officers – Christina, Jason and "some other officer." ECF No. 1 at 4. In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown; however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be

ascertained after reasonable discovery. *Munz*, 758 F.2d at 1257. In this case, if Plaintiff wants to include this unknown correctional officer as a defendant in this matter, he needs to add a John Doe defendant in his amended complaint.

## IV.     Amended Complaint Instructions

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must **type or neatly print** the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a)

("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them. Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or

failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If Plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FINALLY ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

Dated this 8th day of November, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE