UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RICHARD SHENOSKEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-CV-103 SRW |
| DAN SEGER, et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the amended complaint of self-represented Plaintiff Richard Shenoskey. ECF No. 7. The Court previously granted Plaintiff *in forma pauperis* status and reviewed his original § 1983 complaint under 28 U.S.C. § 1915. ECF No. 6. Based on that review, the Court directed Plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions. The Court warned Plaintiff that his amended complaint would also be reviewed under § 1915. For the reasons discussed below, the Court will partially dismiss the amended complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the amended complaint. *See* 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

**Background**

Plaintiff was confined at Stoddard County Jail as a pretrial detainee when he initiated this suit under 42 U.S.C. § 1983.  ECF Nos. 1 at 1-2, 1-1 at 1.  Since case filing, Plaintiff has been transferred to the Eastern Reception, Diagnostic and Correctional Center.  ECF No. 5.  In his original complaint, Plaintiff named three employees at Stoddard County Jail as defendants: (1) Dan Seger (jail administrator); (2) Christina Craft (correctional officer); and (3) Jason Cowell (correctional officer).  ECF No. 1 at 1-3.  Plaintiff alleged excessive force and deliberately indifferent medical care claims.

Based on a careful review and liberal construction of the original complaint, the Court found that Plaintiff had not adequately alleged claims to withstand review under 28 U.S.C. §

1915(e)(2).  *See* ECF No. 6.  Because Plaintiff is self-represented, the Court directed him to file an amended complaint in an to attempt to cure the pleading deficiencies.

## The Amended Complaint

Plaintiff filed his amended 42 U.S.C. § 1983 complaint on December 19, 2022, naming the same three defendants as his original complaint, plus two Doe defendants, in both their individual and official capacities.  ECF No. 7 at 1-3.  These Stoddard County Jail defendants are: (1) Dan Seger (jail administrator); (2) Christina Craft (correctional officer); (3) Jason Cowell (correctional officer); (4) John Doe 1 (correctional officer); and (5) John Doe 2 (correctional officer).  *Id.*

Plaintiff's amended complaint again pertains to a July 2022 incident at Stoddard County Jail, described in his own words as:

> On 7-25-22 around 10 am I Richard Shenoskey [indecipherable] … was ordered to move from C-Pod to B-Pod.  I asked why over the intercom.  I received no response.  I laid back down and about 5-10 minutes later C/Os Craft, Cowell, Doe (1), and Doe (2) came into my room.  They said nothing as I sat up.  As I sat up C/O Cowell fired his taser striking me in the arm.  This caused me to fall back striking the back of my head on the top of the bunk.  C/O Craft then fired a 2nd taser striking me.  Then a 3rd taser was fired by unknown individual.  This rendered me incoherent.  Again no reason, no warning was given before I was tased.  As I came to I was ordered to lie on my stomach with my hands behind my back.  As I complied with this order I was struck several times by the C/O's.  After I was cuffed I was struck several more times by the C/O's.  With my face down I was unable to positively ID which, if not all struck me.  After this I was moved to holding.  While I was in holding I asked for medical attention.  I was bleeding from the arm & leg.  The officers also seen me strike the back of my head.  I was told no one was available. … The C/O's who were present and acted upon these actions are under Dan Seger's supervision as he is the Jail Administrator.  At no time did [I] resist or disobey.  These actions upon me were uncalled for.

*Id.* at 4.

As to injuries, Plaintiff states that he had a knot on the back of his head, lacerations to his arms and legs, and pain along his sides and back.  Plaintiff reports that he was not given an x-ray, not checked for a concussion, and his cuts were not treated.  *Id.*  For relief, Plaintiff would like the

defendants investigated for "violations of rights as well as excessive force." *Id.* at 5.  He would also like damages totaling 5 million dollars.  *Id.*

## Discussion

Based on a careful review and liberal construction of the amended complaint, Plaintiff has provided sufficient factual allegations to state a claim of excessive force against correctional officer defendants Jason Cowell, Christina Craft, and John Doe 1.  However, Plaintiff's claims of excessive force against John Doe 2 and Dan Seger fail to state a claim upon which relief may be granted.  Similarly, Plaintiff fails to allege an unconstitutional custom, policy, or failure to train, as required to state a claim against any defendant in his or her official capacity.  Finally, Plaintiff does not adequately plead a claim of deliberately indifferent medical care against any named defendant.  As such, the Clerk will direct process issue as to Plaintiff's claim of excessive force against defendants Cowell, Craft, and John Doe 1, in their individual capacities only.  All other claims will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**I.      Excessive Force**

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment."  *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)).  In order to prevail on an excessive force claim, a plaintiff must show that a defendant purposely or knowingly used objectively unreasonable force.  *Id.*  "Whether the application of force is unreasonable turns on the facts and circumstances of each particular case."  *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (internal quotations and citations omitted).

Here, Plaintiff alleges that after being told to move cells, defendants Craft, Cowell, and two other correctional officers entered his cell while he was lying in bed.  Cowell tased Plaintiff, causing him to hit his head on the bunk.  Then Craft tased him.  Finally, one of the Doe correctional

officers tased him a third time.  Plaintiff asserts that he was not resisting, disobeying, or doing anything that would justify this triple tasing.  Plaintiff was not warned before being tased.  When Plaintiff came to after the multiple tasing, he was told to lie on his stomach for cuffing.  Plaintiff states that he was struck multiple times while on his stomach, both before and after the cuffs were placed on him.  Plaintiff was unable to see which of the correctional officers were striking him.

### A.  Defendant Correctional Officers Craft and Cowell

"[Correctional] Officers may reasonably use force in a good-faith effort to maintain or restore discipline but may not apply force maliciously and sadistically to cause harm." *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)) (internal quotation marks omitted).  "Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically." *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citing *Hudson*, 503 U.S. at 9).  The test for reasonableness or the good-faith application of force depends on the following:

> whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury.

*Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002) (citing *Hudson*, 503 U.S. at 7).

In this case, Plaintiff alleges that correctional officers Cowell and Craft sequentially tased him without warning, when he was not resisting or disobeying.  The Court finds that Plaintiff has sufficiently stated an excessive force claim against these two defendants.

### B.  Two John Doe Correctional Officers Defendants

Plaintiff alleges that one of the John Doe correctional officers tased him after Cowell and Craft both tased him.  Plaintiff makes no specific allegations as to the second John Doe defendant.  In general, fictitious parties may not be named as defendants in a civil action.  *Phelps v. United*

*States*, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery.  *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

In this case, Plaintiff makes sufficient allegations of excessive force against one John Doe defendant – John Doe 1 – the Doe defendant who tased him after Cowell and Craft.  Process shall issue as to John Doe 1.  However, there are not sufficient allegations against John Doe 2 to state a claim of excessive force.  Plaintiff only asserts that a second Doe defendant was present; he makes no specific allegations of force by this defendant.  If Plaintiff discovers information during discovery in this matter that indicates an additional, identifiable correctional officer participated in the alleged tasing and beating, he can amend his complaint to add another defendant.  As such, the Court shall direct that process issue against correctional officer John Doe 1 on Plaintiff's amended complaint claim of excessive force.

### C.  Defendant Jail Administrator Dan Seger

Plaintiff does not assert that jail administrator Dan Seger participated in the alleged incident of excessive force, but only that the defendant correctional officers were under Seger's supervision.  As the Court explained in its prior order, "[a] supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (*citing Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)).  To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights.  *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).  However, under a theory of direct liability, "a supervisor's liability arises if: 'he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of

constitutional rights.'" *Tlamka*, 244 F.3d at 635 (*quoting Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (citations omitted)); *see also Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997).

Here, Plaintiff does not allege that Seger was personally involved in the alleged assault. Plaintiff also does not assert that Seger failed to properly train or supervise the other defendant correctional officers. As such, Plaintiff's claims against defendant jail administrator Dan Seger fail to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Defendant Dan Seger will be dismissed.

### D. Official Capacity Claims

Plaintiff brings suit against the defendants in both their individual and official capacities. However, a suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Plaintiff's official-capacity claims must be treated as a claim against the governmental entity which employs the defendants – Stoddard County. In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, Plaintiff has not alleged that the individual defendants' actions resulted from any municipal policy, custom, or deliberately indifferent failure to train or supervise. Plaintiff does not present any evidence of a particular Stoddard County policy which has caused him harm. There is also no assertion of a pattern of unconstitutional misconduct constituting a municipal custom. Finally, Plaintiff alleges no facts establishing that Stoddard County had notice that its training procedures were inadequate. Therefore, Plaintiff fails to state a municipal liability claim against Stoddard County. For this reason, Plaintiff's official capacity claims against all defendants, as employees of Stoddard County, fail to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## II.     Deliberately Indifferent Medical Care

The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberately indifferent medical care, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, this distinction "makes little difference as a practical matter," because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

The Eighth Amendment prohibits cruel and unusual punishment, and limits conditions of confinement. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)).

A jail official's intentional denial of, or delayed access to, medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain, giving rise to a claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted).

In this case, Plaintiff alleges that he asked for medical attention after being taken to holding. He does specify who he made this request to. He was told that no one was available, but again, Plaintiff does not specify who told him this. Plaintiff asserts that he had no x-ray, no concussion check, and that his bleeding cuts were not dressed. Based on the allegations of the amended complaint, it is not clear that Plaintiff had a serious medical need that was deliberately disregarded. Although Plaintiff states that he did not receive certain medical diagnostic tests, he also does not allege any detrimental effect from not having such tests. Furthermore, a few bleeding cuts is not enough to state a serious medical need. *See Smith v. Brown*, No. 4:16-CV-04014-LLP, 2018 WL 4658223, *19 (D. S.D. Sept. 27, 2018) (no detrimental effect in delaying plaintiff's visit to Health

Services by five days when plaintiff had a bloody nose, a small cut across the bridge of his nose, and the nose slightly deviated to the right); *Bell v. Voight*, No. CIV. 14-4111, 2015 WL 5257025, at *8 (D. S.D. Sept. 9, 2015) (holding that a bloody nose and bruises after a fight "is not sufficient to put defendants on notice that he had a broken facial bone" such that there could be a finding of deliberate indifference under the Eighth Amendment).

Furthermore, liability under § 1983 is personal and Plaintiff does not state who denied him medical attention. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

For all of these reasons, Plaintiff's amended complaint fails to state a claim of deliberately indifferent medical care against any named defendant. This claim will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**Conclusion**

After review of Plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds that Plaintiff has sufficiently alleged a claim of excessive force against correctional officer defendants Jason Cowell, Christina Craft, and John Doe 1, in their individual capacities. On the other hand, the amended complaint fails to state excessive force claims against Dan Seger and John Doe 2, and against any defendant in his or her official capacity. There are also insufficient allegations to support a claim of deliberately indifferent medical care against any defendant. As such, the Clerk shall issue process or cause process to issue only as to Plaintiff's excessive force claim against Cowell, Craft, and John Doe 1, in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to defendants Dan Seger and John Doe 2 because, as to these defendants, the amended complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants Dan Seger and John Doe 2 are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to Plaintiff's official capacity claims because Plaintiff fails to state an official capacity claim against any defendant. Plaintiff's official capacity claims against all defendants are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to defendants Jason Cowell, Christina Craft, and John Doe 1, with regard to Plaintiff's claim of excessive force brought against these defendants in their individual capacities. Defendants Jason Cowell, Christina Craft, and correctional officer John Doe 1 shall be personally served by issuance of summons and service by the U.S. Marshals Service at the Stoddard County Jail, 207 S. Prairie Street, Bloomfield, Missouri 63825.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 6th day of February, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE